IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00470–EWN–CBS

ECHOSTAR SATELLITE L.L.C.,
a Colorado Limited Liability Company,
ECHOSTAR TECHNOLOGIES CORPORATION,
a Texas Corporation, and
NAGRASTAR L.L.C.,
a Colorado Limited Liability Company,

      Plaintiffs,

v.

ALEXANDER TOROK, an Individual,

      Defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge on Plaintiffs' Motion for Default Judgment" filed August 22, 2005. No party has objected to the recommendation. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. Plaintiffs' Motion for Default Judgment (#10) is GRANTED.

3. The clerk shall enter default judgment on the complaint in favor of Plaintiffs and against Defendant Torok.

4. Plaintiffs' request for statutory damages, injunctive relief, attorney fees, and costs against Defendant Torok is granted as follows:

   a. $1,800.00 in statutory damages ($200.00 for each of Defendant's nine violations of 17 U.S.C. § 1201(a)(1)(A), pursuant to 17 U.S.C. § 1203);

   b. $1,800.00 in statutory damages ($200.00 for each of Defendant's nine violations of 17 U.S.C. § 1201(a)(2), pursuant to 17 U.S.C. § 1203);

   c. 1,800.00 in statutory damages ($200.00 for each of Defendant's nine violations of 17 U.S.C. § 1201(b)(1), pursuant to 17 U.S.C. § 1203);

   d. $9,000.00 in statutory damages ($1,000 for each of Defendant's nine violations of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(I)-(ii));

   e. $90,000.00 in statutory damages ($10,000 for each of Defendant's nine violations of 47 U.S.C. § 605(e)(4), pursuant to 47 U.S.C. § 605(e)(3));

   f. $10,000.00 in statutory damages for Defendant's violation of 18 U.S.C. § 2511(1)(a), pursuant to 18 U.S.C. § 2520(c)(2);

   g. Attorney fees in the amount of $4,887.50 and costs and expenses in the amount of $295.36, for a total of $5,182.86, pursuant to 17 U.S.C. § 1203 and 47 U.S.C. § 605(e)(3);

   h. Resulting in a total judgment of $119,582.86, plus post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961 from the date of entry of the judgment;

I. Equitable relief pursuant to 17 U.S.C. § 1203(b)(1), 18 U.S.C. § 2520(b)(1), and 47 U.S.C. § 604(e)(3)(B)(I) as follows:

1. Defendant Alexander Torok and his agents or anyone acting on his behalf are permanently enjoined from:

   a) manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any Echostar receiver that has been modified without authorization (including any Access Cards that have been modified without authorization), any satellite pirating device regardless of form, or any other technology, product, service, device, component, or part thereof, that:

      I. is primarily designed or produced for the purpose of circumventing the encryption access control production contained in the software on Plaintiffs' Access Cards, contained within Plaintiffs' set-top boxes, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

      ii. has only limited commercially significant purpose other than to circumvent Plaintiffs' encryption access control protection, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

      iii. is knowingly marketed by Defendant and/or others acting in concert with him for use in circumventing Plaintiffs' encryption access control protection, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming; and

   b) assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means wither via the

Internet or otherwise, any Echostar receiver or Access Card that has been modified without authorization or any other electronic, mechanical, or other devices, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications.

DATED this 21st day of November, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge